UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

550 SEABREEZE DEVELOPMENT LLC,   Case No. 18- 12193-RBR

        Debtor.   Chapter 11

_____/

JINHONG WANG, ZUOYANG WANG, JIANFA XIE, PINGNING GUO, TAO ZHANG, YE TIAN, LIE LYN, XIA CAO, LIN MA, TONG WANG, PENGXIANG NI, CHUNYAN XU, RUI WANG, YI LIU, YUESHENG QIN, JIANFENG HUANG, YUEE QING, ZHIWEN YANG, ZUOLING HUANG, PEIHUA YANG, and LIANSHAN JIA,   Adv. Pro. No. 18-01277-RBR

        Plaintiffs,

vs.

LAS OLAS MEZZANINE BORROWER LLC, RAY PARELLO, KEN BERNSTEIN, JACK KESSLER, EUGENE KESSLER, BANCORP BANK, and OCEAN HOTEL LENDER LLC,

        Defendants.

_____/

## THE BANCORP BANK'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS COMPLAINT

1

THE BANCORP BANK ("Bancorp"), by and through its undersigned counsel, hereby replies to Plaintiffs' Response to Bancorp Bank's Motion to Dismiss Complaint (the "Response") as follows:[1]

Bancorp has filed a Motion to Dismiss the Complaint due to the lack of subject matter jurisdiction over the state law tort claims asserted by EB-5 Plaintiffs, a group of non-debtors against Bancorp, who also is a non-debtor and is not a creditor of the estate of 550 SEABREEZE DEVELOPMENT LLC (the "Debtor"). Specifically, EB-5 Plaintiffs assert three claims against Bancorp: count I (fraudulent inducement), count II (civil conspiracy), and count III (aiding and abetting). All three of these claims are grounded on the same basic intentional tort claim-that EB-5 Plaintiffs were induced through alleged fraudulent conduct ("despite knowing that these representations were false," para 86) and ("fraudulent misrepresentations," para 90) to invest monies in a non-debtor company, which company then loaned money to another non-debtor company that invested in the Debtor.[2] At the time of filing of the Complaint, Bancorp was not a creditor of the Debtor and the Debtor had filed neither an objection to the claim that Bancorp previously owned nor a complaint against Bancorp. Bancorp is not a party (nor are the other co-defendants) to the asserted Section 510(c) equitable subordination claim in Count IV.

In Bancorp's view, the bankruptcy court's exercise of subject matter jurisdiction over this Complaint as to Bancorp still implicates constitutional limits recognized by the U.S. Supreme Court. Regardless of constitutional restrictions, 28 U.S.C. §1334(b) did not grant jurisdiction to

---

[1] The EB-5 Plaintiffs are only some of the investors who made equity contributions in Las Olas Ocean Resort Partners, LP (the "Mezzanine Lender").

[2] The latter entity, which is not a party to the subject lawsuit, is alleged to have contributed the funds to the Debtor as equity. If this Court has subject matter jurisdiction, along with other procedural defenses, the omission of this third party may subject the Complaint to dismissal for failure to join an indispensable party.

the federal courts to adjudicate the causes of action against Bancorp as a "related to" matter. EB-5 Plaintiffs cannot "boot-strap" their alleged separate claim in Count IV against only Ocean Hotel Lender, LLC for equitable subordination and objection to that creditors' claim with the independent state tort law claims against Bancorp in an attempt to create subject matter jurisdiction.  EB-5 Plaintiffs have not cited a case that squares with the claims filed against Bancorp under these circumstances. The decisions relied upon by EB-5 Plaintiffs do not apply. On the other hand, the cases cited by Bancorp and their holdings should apply and preclude this court from assuming subject matter jurisdiction of EB-5 Plaintiffs' three fraud claims against Bancorp.

The Eleventh Circuit, *In re Lemco Gypsum, Inc.*, 910 F. 2d 784, 789  (11th Cir. 1990), citing the Third Circuit's decision in *Pacor v. Higgins*, 743 F. 2d 984, 994 (3rd Cir. 1984), explained  the meaning of "conceivably could have an effect" on the estate: "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In doing so, the Eleventh Circuit had mandated that the challenged legal action and its potential outcome must both "alter" specific matters affecting the debtor <u>and</u> "impact" the handling and the administration of the debtor's estate.  The Complaint filed by EB-5 Plaintiffs as to Bancorp and the relief sought-entry of a money judgment against Bancorp-cannot satisfy these requirements. The hypothetical possibility that if EB-5 Plaintiffs at some undefined point down the road were to prevail against Bancorp (something Bancorp categorically rejects) and obtain a judgment then they might decide not to pursue their claims

3

against the Debtor's estate is simply too speculative and indirect to pass jurisdictional muster.[3] Moreover, EB-5 Plaintiffs cannot be permitted to ask for a different standard to be applied to them because they are not citizens of the United States. *See* Plaintiffs' Opposition to Defendant Ocean Hotel Lender, LLC's Motion to Dismiss Equitable Subordination Claim, Page 7, Doc #46, wherein they assert "Should the Plaintiffs (*i.e.*, foreign investors with limited knowledge of the laws and financial practices of the United States) be expected to routinely scour public records ... ?"

The district court's opinion in *Soderstrom v. Buono (In re Soderstrom)*, 2013 WL 24205 (M.D. Fla., January 2, 2013), stands for the legal proposition the court does not have jurisdiction over the state law tort claims for money damages against Bancorp. There, an investor in a real estate project filed an adversary complaint against the debtors and some of their non-debtor partners for state law claims, including fraud and unjust enrichment, based upon allegations that the defendants used "intertwining LLCs to create a complex scheme in order to defraud [plaintiffs] and other investors." There, the plaintiffs also included objection to dischargeability and an objection discharge claims against the debtors. The bankruptcy court dismissed the non-debtors from the complaint, noting that "judicial inefficien[cy] is not a defense to constitutional

---

[3] The other defendants to this action have filed motions to dismiss that raise, among other arguments, lack of standing as well as the legal inability to state a claim for relief, including based upon a statute of limitations defense that is determinable from the public record and the preclusive effect of Florida's credit agreement statute, Section 687.0304, not to mention an unclean hands and *in pari delicto* defense based upon alleged guaranteed entitlement alleged in the Complaint that appears to violate federal law applicable to the EB-5 visa program as well as the state law that does not create liability for a lender by imposing conditions in its loan agreement. While Bancorp has reserved the right to file its own motion to dismiss for failure to state a claim (which would include these defenses) should this Court find subject matter jurisdiction over the claims asserted against Bancorp, it is appropriate for this Court to consider these and other defenses in deciding whether the causes of action against Bancorp are "related to" the Debtor case as required by applicable law.

4839-0702-0407.3

impermissibility."  On a motion for reconsideration, the plaintiffs asserted the state claims against the non-debtors was "related to" the claims against the debtors.  The bankruptcy court held that "[m]erely packaging state law claims with 'core' bankruptcy claims does not cause the entire proceeding to fall under 'related to' jurisdiction.

The district court in *Soderstrom* agreed that the "related to" assertion was "meritless." That court added: "To find that these purely state law claims convey "related to" jurisdiction would be to declare that all bankruptcy courts have jurisdiction over all claims against any non-debtors sued alongside debtors. Such a finding would be utterly illogical." Citing *Lemco Gypsum* and *Stern*, the court stated that the plaintiff "seeks to stretch the Eleventh Circuit's formulation beyond the breaking point of conceivability."  The court explained that the debtor and the non-debtors "took part in different allegedly fraudulent actions." In its first footnote, consistent with Florida law[4], the district court noted thee bankruptcy court correctly ruled that indemnification or contribution was not available for intentional torts and "thus neither outcome could conceivably affect the Estate." Similarly here, Bancorp, no longer a creditor of the Debtor, can pursue the estate for a claim under these theories if in fact it is adjudicated to have committed intentional torts against EB-5 Plaintiffs, which of course Bancorp denies in the first instance.

In the present case, the allegations of the Complaint assert different and more extensive allegations against the Debtor and its principals. There are qualitative and quantitative differences in the allegations against the co-defendants to Counts I-III of the Complaint. There

---

[4] A joint tortfeasor has no right of indemnity or contribution for intentional torts, which are the only ones plead against Bancorp in the Complaint. *Houdaille Indus., Inc. v. Edwards*, 374 So.2d 490 (Fla.1979) and *Dade Cnty. Sch. Bd. v.Radio Station WQBA,* 731 So.2d 638, 642 (Fla.1999) (indemnity); Section 768.31(2)(c), Fla. Stats. (contribution).

are no allegations of any communications between EB-5 Plaintiffs and Bancorp, very unusual for a claim based upon fraud, and the only alleged connection is the two letters issued by a Bancorp lender to one of the Debtor's principals, which on their face do not make absolute, unconditional representations. The Complaint is replete many more and distinct allegations against the Debtor's principals that do not involved Bancorp with regard to activities before and after EB-5 Plaintiffs made their investments. Furthermore, EB-5 Plaintiff's inclusion of equitable subordination and objection to claim in Count IV of the Complaint is analogous to the plaintiff's inclusion of a non-dischargeability in *Soderstrom*-a facially "core" proceeding. However, that procedural move by EB-5 Plaintiffs cannot transform the separate and independent state law claims for money damages into a "related to" matter.

## CONCLUSION

The district court's concern about ignoring limits on "related to" jurisdiction that was expressed in its footnote in *Soderstrom* applies to the causes of action filed by the non-debtor EB-5 Plaintiffs against Bancorp:

> Finally, at bottom, Appellant's argument is that it is possible that recovery against a non-debtor could affect recovery against the Debtors, which could in turn affect recovery for the Debtors' other creditors, thereby affecting the administration of the Estate. As discussed below, the Court finds that argument to be so attenuated and speculative as to fail the *Stern* and *Lemco Gypsum* tests for demonstrating that an adversary proceeding is related to the underlying bankruptcy.

Here, EB-5 Plaintiffs seek only money damages against Bancorp in Count I for fraud, Count II for civil conspiracy to commit fraud and Count III is a repackaging of Count II under an aider and abetting theory. Consequently, in view of the nature of the state law causes of action asserted against Bancorp, the posture of the litigants to those causes of action (non-debtors suing

6

non-debtors and Bancorp), and the lack of any legitimate, non-speculative impact on the Debtor or the administration of the bankruptcy estate (non-debtor plaintiffs seeking money damages solely for their own economic benefit), this Court lacks the authority to exercise its jurisdiction over Counts I-III against Bancorp. Therefore, for one or more of the grounds argued in the Motion and this Reply, the Court should dismiss the Complaint as to Bancorp.[5]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of this Reply has been furnished by electronic notice to the counsel of record on this 8th day of October, 2018.

> /s/ *Mark J. Wolfson*
> Mark J. Wolfson (FBN 0352756)
> FOLEY & LARDNER LLP
> 100 N. Tampa Street, Suite 2700
> Tampa, Florida 33602
> Telephone: (813) 229-2300
> Facsimile: (813) 221-4210
> Primary Email: mwolfson@foley.com
> Secondary Email: crowell@foley.com
> Attorneys for Bancorp

---

[5] As noted in the Motion, Bancorp also reserves the right to file a motion to withdraw the reference, 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a) and (c), or a motion for abstention, 28 U.S.C. § 1334(c); *E.S. Bankest, LLC v. United Beverage Florida, LLC* (*In re United Container, LLC*), 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002) (citations omitted). Bancorp also reserves the right to assert the right to a jury trial for the claims asserted against it. If not voluntarily agreed to by EB-5 Plaintiffs, Bancorp also intends to seek an extension of any discovery requirements until a reasonable time after the Court rules on whether EB-5 Plaintiffs are permitted to proceed against Bancorp in this adversary.