UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| In re: | Case No. 18-12193-RBR |
| 550 SEABREEZE DEVELOPMENT LLC. | Chapter 11 |
| *Debtor.* _____/ | |
| JINHONG WANG, ZUOYANG WANG, JIANFA XIE, PINGNING GUO, TAO ZHANG, YE TIAN, LIE LIN, XIA CAO, LIN MA, TONG WANG, PENGXIANG NI, CHUNYAN XU, RUI WANG, YI LIU, YUESHENG QIN, JIANFENG HUANG, YUEE QING, ZHIWEN YANG, ZUOLING HUANG, PEIHUA YANG, and LIANSHAN JIA, | Adv. Pro. No 18-01277-RBR |
| *Plaintiffs,* | |
| v. | |
| LAS OLAS MEZZANINE BORROWER LLC, RAY PARELLO, KEN BERNSTEIN, JACK KESSLER, EUGENE KESSLER, THE BANCORP BANK, and OCEAN HOTEL LENDER LLC, | |
| *Defendants.* _____/ | |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE
REGARDING EB-5 PROGRAM REQUIREMENTS**

Plaintiffs Jinhong Wang, Zuoyang Wang, Jianfa Xie, Pingning Guo, Tao Zhang, Ye Tian, Lie Lin, Xia Cao, Lin Ma, Tong Wang, Pengxiang Ni, Chunyan Xu, Rui Wang, Yi Liu, Yeusheng Qin, Jianfeng Huang, Yuee Qing, Zhiwen Yang, Zuoling Huang, Peihua Yang and Lianshan Jia ("Plaintiffs"), supplement their responses to Defendants' motions to dismiss to address Court's questions at the September 28, 2018 hearing in this adversary proceeding about Plaintiffs' claims

1

asserted in this adversary proceeding and the impact of a recovery on the claims on their immigration status.

**EB-5 Program Overview**

The EB-5 program was created in 1990 by Congress to encourage the flow of capital into the U.S. economy and to promote employment in the U.S. Foreign investors are offered the prospect (but not the guarantee) of lawful permanent residence in the U.S. if they invest a minimum of $500,000 in a commercial enterprise in the U.S., and that investment results in the creation or maintenance of 10 full-time jobs in the U.S. See 8 U.S.C. § 203(b)(5); USCIS Policy Manual, Volume 6, Part G ("PM"), Chapter 1.

Generally, a business that seeks to raise funds through the EB-5 program will form a new commercial enterprise, which is the Mezzanine Lender (Las Olas Ocean Resort Partners LP) in this case, and will solicit foreign investors seeking to immigrate to the United States to be the limited partners. 8 C.F.R. § 204.6; PM Chap. 2. The Mezzanine Lender will then use the funds to directly or indirectly create at least ten jobs for U.S workers per investor[1]. *Id.*

After the investors subscribe to become limited partners in the Mezzanine Lender and make the required investment, they file a Form I-526 Immigration Petition for Entrepreneur ("I-526 Petition") with U.S. Citizenship and Immigration Services (the "USCIS") to show, based on the project's business plan and supporting documents, that the investment will satisfy EB-5 requirements. 8 C.F.R. § 204.6(a), (j); PM Chap. 4. Upon approval of the I-526 Petition, USCIS will grant the investor conditional permanent residency, often referred to as a "conditional green card." ("CPR"); 8 U.S.C. § 1186 b (a)(1); PM Chap. 4.

---

[1] Here, the Mezzanine Lender loaned the EB-5 funds it raised to the Mezzanine Borrower, which then invested the proceeds of the loan to the Debtor for the development of the Seabreeze Project and to create jobs.

Within two years after receiving a conditional green card, the investor must file with USCIS a Form I-829 Petition by Entrepreneur to Remove Conditions on Permanent Resident Status ("I-829 Petition") to remove the conditions on the investor's residence. The approval of the I-829 petition general requires the investor to demonstrate that the requirements under the EB-5 program have been fulfilled during the prior two-year period, including showing that the NCE has created a minimum of 10 permanent jobs as a result of the investment and that the investor's investment in the NCE has been sustained "at risk" for the entire two year CPR period. 8 C.F.R. § 216.6 (a) (c) and (d)(1); PM Chap. 5.

**Relevant USCIS Regulations: "Capital at Risk" Requirement and "Redeployment" Policy**

USCIS regulations impose specific requirements on the use of the investor's capital during the pendency of their immigration application. Critically, EB-5 investors are required to maintain their investments "at risk" for the entire two-year period of conditional I-526 residency ("sustainment period"). 8 C.F.R. § 216.6(c)(i)–(iii); PM Chap. 5. Pursuant to the "at risk" requirement, the immigrant investor must have placed the required amount of capital at risk for the purpose of generating a return, and there "must be a risk of loss and a chance for gain." PM Chap. 2. § A.2; see also 8 C.F.R. § 204.6(j); 8 C.F.R. § 204.6(a)(4)(ii)–(iii). After the sustainment period ends, the investor does not need to maintain his or her capital "at risk" anymore and is allowed to receive the money back, i.e. withdraw the capital contribution from the NCE he or she has invested. 8 CFR 216.6(c)(1)(iii); PM Chap.5.

Accordingly, the EB-5 investments have typically been structured so that they remain outstanding throughout the time required for all investors to make their way through the two year period of conditional permanent residence, i.e. the sustainment period. However, under certain circumstances, the EB-5 funds would be repaid before the investors' sustainment periods end,

3

which will render the investors' capital not "at risk". To resolve this issue[2], USCIS introduced a "redeployment" policy, which allows the NCE to redeploy the EB-5 capital into a new investment, provided that: 1) the investment is within the scope of the NCE's activities; and 2) the redeployment is happening within a commercially reasonable amount of time. PM Chap.4. Further deployment of this nature will not cause the petition to be denied or revoked. *Id*.

**"Capital at Risk" and "Redeployment" Polices as Applied to Plaintiffs**

The date the adversary proceeding was filed, 18 of the 21 Plaintiffs have passed the sustainment periods, and are entitled to receive their capital back under relevant EB-5 rules. The 18 Plaintiffs have all submitted their I-829 petitions to USCIS with evidence to demonstrate that their investments each has created a minimum of 10 permanent jobs as required and that their investments have been sustained "at risk" for the entire two year sustainment periods[3]. There is no separate reporting requirement to notify the USCIS that the investors filed this action and are seeking the return of their investments after the sustainment periods end.

Three Plaintiffs, Chunyan Xu, Jianfeng Huang and Yuee Qing, are still within the two-year sustainment periods, which will end on November 27, 2018, January 28, 2019 and February 13, 2019, respectively. If Plaintiffs Chunyan Xu, Jianfeng Huang and Yuee Qing succeed in recovering the $500,000 each before the sustainment periods end, they will direct the funds to the Mezzanine Lender, and have the Mezzanine Lender re-invest the capital into another new

---

[2] Due to a growing backlog in the EB-5 visa program for Chinese investors, it can now take up to 5 to 7 years for Chinese EB-5 applicants to obtain the conditional green card. It is quite common that the EB-5 loan terms end and the EB-5 capital is prepaid before the sustainment periods for these Chinese EB-5 investors, thus creating the need for redeployment.

[3] Two of these eighteen Plaintiffs have obtained copies of their I-829 petitions filed with USCIS from their immigration counsel and their petitions included a copy of the 2015 Amended and Restated Bancorp Loan Agreement. Section 10 of the Loan Agreement contains the provision for the transfer of 60 units on an event of default to the Mezzanine Lender. The EB-5 creditors relied on their immigration counsel to submit the required information to the USCIS to demonstrate that they meet the relevant requirements under the EB-5 program.

investment according to USCIS's redeployment policy, and the three Plaintiffs will notify USCIS such redeployment in their I-829 petitions to be submitted. There is no reporting requirement to notify USCIS regarding this lawsuit and the investors' action to seek their investment back until they successfully recover the funds and redeploy the capital into another new investment.

Date: October 9, 2018                              Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for the EB-5 Creditors*
Citigroup Center, 22nd Floor
201 South Biscayne Boulevard
Miami, FL  33131
Telephone (305) 403-8788
Facsimile (305) 403-8789
By: /s/ *Thomas R. Lehman*
JEFFREY C. SCHNEIDER, P.A.
Florida Bar No. 933244
Primary: jcs@lklsg.com
Secondary: lv@lklsg.com
THOMAS R. LEHMAN, P.A.
Florida Bar No. 351318
Primary: trl@lklsg.com
Secondary: ar@lklsg.com
MARCELO DIAZ-CORTES, ESQ.
Florida Bar No. 118166
Primary: md@lklsg.com
Secondary: ah@lklsg.com

-and-

**REID & WISE LLC**
*Counsel for the EB-5 Creditors*

By: /s/ *Matthew Sava*
Matthew Sava, Esq.
Han Liang, Esq.
*Pro hac vice*
One Penn Plaza, Suite 2015
New York, NY 10119
P：212-858-9968
C：917-885-2430

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2018, a true and correct copy of the foregoing has been served via CM/ECF to all counsel of record.

>  */s/ Thomas R. Lehman*
>  Thomas R. Lehman, P.A.